JOSHUA F. HAILE v. M. B. YOUNG et al.

COUNTY COURT. *Superintendent public instruction. Allowance.* The pay of the county superintendent of public instruction is, by the act of 1873, ch. 25, sec. 8, left to the discretion of the county court, and the decision of that court is final, whether the allowance be declared in advance or after the services have been rendered.

FROM JACKSON.

Appeal from the County Court. M. B. YOUNG, J.

JOSHUA F. HAILE and ANDREW MCCLAIN for Haile.

E. L. GARDENHIRE and J. J. VERTREES for Young.

COOPER, J., delivered the opinion of the court.

At the April term, 1879, of the county court of Jackson county, Joshua F. Haile presented to the court an account for $500, which he claimed to be due him as compensation for his services during the year 1878, as superintendent of the public schools of the county. He testified himself as to the services performed and their value, and introduced other evidence and testimony tending to show that he had faithfully discharged the duties of his office, and that his services for the year were worth $500. The county

court, by a unanimous vote with the exception of one justice, refused to allow the account. The applicant then, by way of compromise, proposed to accept $400, but the court refused the allowance by the same vote.. On the same day, in the absence of Haile, the court, on its own motion, allowed him $250. Afterwards, on the same day, Haile prayed an appeal to the circuit court, and then an appeal in the nature of a writ of error, each of which prayers was refused. - He then tendered a bill of exceptions, showing these facts and embodying the evidence introduced by him, which was signed by the county judge, and made a part of the record. He subsequently brought the proceedings into the circuit court by *certiorari.*

The circuit judge overruled a motion to dismiss the proceedings because the court had no jurisdiction, and because the cause had not been properly prosecuted. He also refused to allow the county a trial by jury. And, although of opinion that the office of the *certiorari* was to bring the case into the circuit court in lieu of an appeal, and that it could not be used as a substitute for a writ of error, yet he held that the record of the county court was before him for the correction of errors. Being further of opinion that there was error in the proceedings of the county court in not allowing the amount shown by the proof to be the value of the services, viz., $500, and the plaintiff admitting that he had received the $250 allowed by the county court, the circuit judge rendered a judg-ment in favor of Haile against the county for $250, the balance of compensation, to be paid out of the

school fund, and all the costs to be paid out of the county treasury. The county appealed.

It would be difficult to maintain some of the above rulings of his Honor, the Circuit Judge, and perhaps still more difficult to sustain the plaintiff's application on the merits, after he had voluntarily received the allowance made him by the county court. It would be useless, however, to enter into a discussion of these questions, as we are all of opinion that the construction of the school law, upon which the entire proceedings and the rulings of the circuit judge rest, is inadmissible.

The act of 1873, ch. 25, sec. 8, provides, that the superintendent of public schools for each county, " shall receive such pay for his services as may be allowed him by the county court, to be paid upon the order of the chairman or judge of the county court, by the county trustee." The provision is not that the superintendent shall be paid what his services are reasonably worth, but what " may be allowed him by the county court." It must be borne in mind that the fund out of which he is to be paid is not the money of the county, nor to be disbursed by the county court. It could never have been contemplated by the Legislature, that this fund should be charged with the costs of a litigation to settle the *quantum meruit* of the superintendent. The circuit judge himself did not think so, for he charged the costs upon the county. But what law is there that justifies the appropriation of money received by taxation for county purposes to the payment of the expenses of a lawsuit to recover

compensation out of another fund? It will not do to say that the county court may prevent litigation by allowing the compensation shown by the proof, for the amount ascertained by the proof would still be an open question, if the judgment of the county court can be revised by the circuit court. The Legislature certainly never contemplated that either the school fund or the money raised by taxation for county purposes, should be burdened with the lawyers' fees and court costs incident to such litigation.

The allowance to the superintendent was left to the unlimited discretion of the court, whether it fixed the salary in advance, or left the allowance to be determined after the services were performed. The power of the county court is precisely the same whenever exercised, and is not subject to revision by any other court.

Reverse the judgment of the circuit court and dismiss the case with costs.